### No. 746

### PESKIND et v. STATE

Ohio Appeals, 8th Dist., Cuyahoga Co.

No. 6268. Decided Feb. 8, 1926.

**First Publication of this Opinion.**

Judges Allread and Ferneding, 2nd Dist., and Judge Warden, 3rd Dist., sitting.

333. CRIMINAL LAW—1226. Variance— 629. Indictment—Fact that indictment charges misapplication of certain moneys, where in fact, check was involved in the alleged misapplication, not material or substantial variance.

Variances are not fatal unless material to the merits of the case, or prejudicial to the defendant.

Error to Common Pleas.

Judgment affirmed.

Boyd, Cannon, Brooks and Wickham; Moore, Mahon, Miller and Moore, and James L. Lind, Cleveland, for Peskind et.

C. C. Crabbe, Atty. Genl., Jos. I. Eagleson, Charles Higley and David E. Green, Columbus, for State.

ALLREAD, J.

Solomon Peskind and Benjamin Karp were indicted and convicted upon the charge of wilfully misapplying and converting to their own use, certain moneys of the Municipal Savings & Loan Association, in the amount of $27,-900.00, with intent to injure and defraud said Association. The indictment contained two counts. The conviction was under the second count. The offense is prescribed by 12472 GC.

Peskind and Karp ask a reversal of the judgment below upon the following grounds:

1. Variance between indictment and the proof.
2. Errors in the charge.
3. Insufficiency of the evidence.

The contention that the proof shows that the alleged misapplication, instead being of money amounting to $27,900.00 was of a check in that amount, is not substantial. Parties treated the check as money and the final result was the transfer of money. The alleged variance is purely technical and not substantial or prejudicial.

The criminal charge grows out of a mortgage loan and the waiver of priority of liens in favor of the Cleveland Trust Co. When the mortgage was given to the Trust Co., upon certain lots, a waiver was executed by Peskind, of the priority of the mortgage, held as col-

lateral by the Municipal Savings & Loan Co., and the proceeds of the Cleveland Trust loan, to-wit: $34,500, was paid to the escrow agent of the Land Title Abstract & Trust Co. who afterwards paid the sum of $27,900, by check, to the Realty Co.

There is no doubt that the money belonged to the Savings & Loan Co. and that such money was applied to the uses of the Representative Realty Co.

The defense made was that the Savings & Loan Association held certain of its own certificates of deposit, which were left in its possession by the Realty Co. as security; and that such certificates were ample and legal security for the moneys appropriated by Peskind for the uses of the Realty Co., and that therefore there was no illegal misapplication.

It appears that, several months after the transaction upon which the indictment is founded, certain certificates of deposit were issued in favor of the Realty Co. and placed in folders belonging to the files in each of the loans upon which priority had been waived. This, of itself, would not be a defense any more than restitution would be a defense to larceny or embezzlement.

There was sufficient evidence to justify the jury in finding that the appropriation of this fund belonging to the Savings & Loan Co. to the uses of the Realty Co. was a misappropriation and conversion.

It appears that Karp was directly responsible for the negotiation of mortgage loans, and it is a fair inference from the circumstances that Karp had knowledge of and approved the transaction.

(Ferneding and Warden, JJ., concur.)